# GERALDINE D. LYON *v.* VIRGINIA JONES ET AL.
## (AC 27510)

Bishop, McLachlan and Pellegrino, Js.

Argued October 5—officially released November 27, 2007

*Norman A. Pattis*, with whom, on the brief, was *Kimberly Coleman*, for the appellant (plaintiff).

*Joseph A. Jordano*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Margaret Q. Chapple*, assistant attorney general, for the appellees (defendants).

*Opinion*

BISHOP, J. In this case, we address the extent to which the legislature waived the state's sovereign immunity to discrimination claims against the state. The plaintiff, Geraldine D. Lyon, appeals from the trial court's dismissal, on the basis of sovereign immunity, of her claims against the defendants, the office of the attorney general (attorney general's office), and certain of its employees, Virginia Jones and Edward Reynolds.[1] We affirm the judgment of the trial court.

[1] The court rendered summary judgment in favor of the defendants as to the plaintiff's requests for injunctive relief under General Statutes § 46a-70 (a), concluding that the plaintiff was estopped from relitigating issues previously decided in federal court. See *Lyon* v. *Jones*, 260 F. Sup. 2d 507 (D. Conn. 2003), aff'd, 91 Fed. Appx. 196 (2d Cir. 2004). The plaintiff failed to challenge the court's findings of collateral estoppel in her principal brief. "[O]ur practice requires an appellant to raise claims of error in his original brief, so that the issue as framed by him can be fully responded to by the appellee in its brief, and so that we can have the full benefit of that written argument. Although the function of the appellant's reply brief is to respond to the arguments and authority presented in the appellee's brief, that function does not include raising an entirely new claim of error. . . . In accordance with this practice, we have consistently held that [t]his court will not review

At the time this case began, the plaintiff was a paralegal specialist 1 at the attorney general's office and had worked in that capacity since 1987. On April 18, 2000, she filed a complaint with the commission on human rights and opportunities (commission) alleging harassment and a hostile work environment, and that she was denied a promotion to paralegal specialist 2 on the discriminatory bases of her age, sex and disability. The commission found that the plaintiff failed to introduce sufficient evidence to show discrimination and issued a release of jurisdiction.[2]

The plaintiff then filed suit in the United States District Court for the District of Connecticut, claiming that the defendants discriminated against her on the bases of age, sex and disability in violation of 42 U.S.C. § 12111 et seq. (Americans with Disabilities Act of 1990), 29 U.S.C. § 621 et seq. (Age Discrimination in Employment Act of 1967), 42 U.S.C. § 2000e-2 (Title VII), and 42 U.S.C. § 1983, as well as General Statutes §§ 46a-58 (a), 46a-60 (a) (1) and 46a-70(a) of the Connecticut Fair Employment Practices Act, General Statutes § 46a-51 et seq. She sought compensatory and punitive damages, attorney's fees and costs, a temporary and permanent injunction and other fair and equitable relief. The District Court dismissed all of her state law based claims and the majority of her federal claims, leaving only her claims under Title VII and 42 U.S.C. § 1983, which alleged a hostile work environment and failure to promote.

claims that are raised for the first time in a reply brief." (Citation omitted; internal quotation marks omitted.) *Embalmers' Supply Co.* v. *Giannitti*, 103 Conn. App. 20, 60–61, 929 A.2d 729 (2007).

Also, the plaintiff raises no issue concerning the grant of summary judgment in regard to the claim under General Statutes § 46a-70 (a) against Jones.

[2] Upon completion of a merit assessment review, the executive director of the commission may issue a release, pursuant to General Statutes § 46a-83a, which permits the complainant to bring an action in Superior Court within ninety days.

Upon the dismissal by the District Court of her claims based on state law, the plaintiff filed a complaint in the judicial district of Hartford. The plaintiff's amended complaint consisted of four counts alleging age, sex and disability discrimination: one count against the attorney general's office under § 46a-60 (a) (1) and one count against each of the three defendants under § 46a-70 (a).

While the state claims were pending, the District Court granted the defendants' motion for summary judgment on the remaining federal claims. In its decision, the District Court found that the Title VII failure to promote claim was time barred, that there were no material issues of fact in support of the plaintiff's claim that she was treated differently from other similarly situated individuals, that her treatment was insufficiently severe to create a hostile environment either under Title VII or § 1983, and that there was no discriminatory intent. *Lyon* v. *Jones*, 260 F. Sup. 2d 507 (D. Conn. 2003), aff'd, 91 Fed. Appx. 196 (2d Cir. 2004). Subsequently, the defendants filed a motion for summary judgment with the trial court, claiming, inter alia, that the doctrines of sovereign immunity and collateral estoppel bar the plaintiff from recovery in state court.[3]

On February 28, 2006, the court issued a lengthy memorandum of decision dismissing the § 46a-60 (a) (1)[4] claim against the attorney general's office for lack

---

[3] Alternatively, the defendants asserted that the failure to promote claim under § 46a-60 (a) (1) was time barred and that the claims under § 46a-70 (a) were pleaded inadequately.

[4] General Statutes § 46a-60 (a) (1) provides in relevant part: "It shall be a discriminatory practice in violation of this section . . . [f]or an employer, by the employer or the employer's agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, marital status, national origin, ancestry, present or past history of mental disability, mental retardation, learning disability or physical disability, including, but not limited to, blindness."

of subject matter jurisdiction because the plaintiff failed to obtain the requisite authorization from the claims commissioner before bringing her § 46a-60 (a) (1) claim against the state. The court also found that although General Statutes § 46a-99 provides plaintiffs with a private right of action for injunctive relief for discrimination by the state in violation of § 46a-70 (a),[5] a claim for compensatory and punitive damages and costs cannot be brought under § 46a-70 (a) without permission to sue from the claims commissioner or the General Assembly. This appeal ensued.

I

First, we consider whether the court properly dismissed the plaintiff's § 46a-60 (a) (1) claim against the attorney general's office for lack of subject matter jurisdiction. The court dismissed this claim sua sponte under the doctrine of sovereign immunity, concluding that General Statutes §§ 4-141 through 4-165 require the plaintiff to obtain authorization from the claims commissioner or the General Assembly prior to bringing a claim against the state under § 46a-60 (a) (1). After reviewing the applicable statutes, we agree with the court.

We begin our analysis with the appropriate standard of review as set forth by our Supreme Court. "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of

---

[5] General Statutes § 46a-70 (a) provides: "State officials and supervisory personnel shall recruit, appoint, assign, train, evaluate and promote state personnel on the basis of merit and qualifications, without regard for race, color, religious creed, sex, marital status, age, national origin, ancestry, mental retardation, mental disability, learning disability or physical disability, including but not limited to, blindness, unless it is shown by such state officials or supervisory personnel that such disability prevents performance of the work involved."

law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Citation omitted; internal quotation marks omitted.) *Miller* v. *Egan*, 265 Conn. 301, 313, 828 A.2d 549 (2003).

"It is a well-established rule of the common law that a state cannot be sued without its consent. . . . A sovereign is exempt from suit, not because of any formal conception or obsolete theory, but on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends. . . . The practical and logical basis of the doctrine is today recognized to rest on this principle and on the hazard that the subjection of the state and federal governments to private litigation might constitute a serious interference with the performance of their functions and with their control over their respective instrumentalities, funds, and property." (Citations omitted; internal quotation marks omitted.) *Martinez* v. *Dept. of Public Safety*, 263 Conn. 74, 78–79, 818 A.2d 758 (2003).

"We have held that a plaintiff seeking to circumvent the doctrine of sovereign immunity must show that: (1) the legislature, either expressly or by force of a necessary implication, statutorily waived the state's sovereign immunity . . . or (2) in an action for declaratory or injunctive relief, the state officer or officers against whom such relief is sought acted in excess of statutory authority, or pursuant to an unconstitutional statute." (Citation omitted.) *Miller* v. *Egan*, supra, 265 Conn. 314.

The plaintiff sued the attorney general's office, alleging discriminatory employment practices under § 46a-60 (a) (1), which broadly prohibits employment discrimination by all employers and their agents in the state of Connecticut. See footnote 4. The plaintiff contends

that she properly initiated her complaint with the commission. She further argues that upon release of jurisdiction by the commission, General Statutes § 46a-100 waives the state's immunity, permitting her to bring her § 46a-60 (a) (1) claim directly in Superior Court. Our examination of the relevant statutes, however, reveals no express or implied waiver of the state's immunity for claims under § 46a-60 (a) (1).

Chapter 53 of the General Statutes, §§ 4-141 through 4-165, titled "Claims Against the State," describes the responsibilities and powers of the claims commissioner. From this legislation, it is apparent that the General Assembly intended to make the claims commissioner the gatekeeper through which lawsuits against the state must pass. "[Chapter 53] expressly bars suits upon claims cognizable by the claims commissioner except as he may authorize, an indication of the legislative determination to preserve sovereign immunity as a defense to monetary claims against the state not sanctioned by the commissioner or other statutory provisions." (Internal quotation marks omitted.) *Miller* v. *Egan*, supra, 265 Conn. 317–18.

Furthermore, chapter 53 evidences the legislature's clear intent to provide the claims commissioner with the authority to decide whether to waive sovereign immunity for claims against the attorney general's office. General Statutes § 4-141 provides in relevant part that " 'state agency' includes every department, division, board, office, commission, arm, agency and institution of the state government, whatever its title or function . . . ."

Nevertheless, the plaintiff argues that § 46a-100 waives the state's immunity. General Statutes § 46a-100 provides: "Any person who has timely filed a complaint with the Commission on Human Rights and Opportunities in accordance with section 46a-82 and who has obtained a release from the commission in accordance

with section 46a-83a or 46a-101, may also bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the respondent transacts business, except any action involving a state agency or official may be brought in the superior court for the judicial district of Hartford." The plaintiff argues that the phrase "any action involving a state agency or official may be brought in the superior court for the judicial district of Hartford" provides a waiver of the state's immunity to suit. We are not persuaded. In light of the requirement that our state's sovereign immunity not be diminished without clear intent, we find that the more reasoned interpretation of this clause regards venue and provides for the Hartford judicial district to be the proper venue for a claim against a state actor. Thus, we believe that the provisions of § 46a-100 do not constitute a waiver of the state's immunity.

Because there is no statute that carves out a specific waiver of sovereign immunity for § 46a-60 (a) (1) claims, the plaintiff was required to apply to the claims commissioner for permission to sue the attorney general's office. "When a plaintiff brings an action for money damages against the state, he must proceed through the office of the claims commissioner pursuant to chapter 53 of the General Statutes, §§ 4-141 through 4-165. Otherwise, the action must be dismissed for lack of subject matter jurisdiction under the doctrine of sovereign immunity." *Prigge* v. *Ragaglia*, 265 Conn. 338, 349, 828 A.2d 542 (2003). We therefore affirm the court's dismissal of the plaintiff's § 46a-60 (a) (1) claim.

II

We next consider whether the court properly dismissed the plaintiff's claims under § 46a-70 (a) on the ground that § 46a-99 does not waive sovereign immunity

for money damages. We reiterate that this court's standard of review for a question of subject matter jurisdiction is plenary. *Miller* v. *Egan*, supra, 265 Conn. 313.

The question of whether § 46a-99 waives sovereign immunity in an action for money damages is an issue of first impression for this court.[6] It is well settled that "[t]he state's sovereign right not to be sued without its consent is not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms or by force of a necessary implication." (Internal quotation marks omitted.) *Rivers* v. *New Britain*, 99 Conn. App. 492, 497, 913 A.2d 1146, cert. granted on other grounds, 281 Conn. 929, 918 A.2d 278 (2007). When interpreting a statute, "[t]he meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." General Statutes § 1-2z.

General Statutes § 46a-99 provides: "Any person claiming to be aggrieved by a violation of any provision of sections 46a-70 to 46a-78, inclusive, or sections 46a-81h to 46a-81o, inclusive, may petition the Superior Court for appropriate relief and said court shall have the power to grant such relief, by injunction or otherwise, as it deems just and suitable." The plain meaning of § 46a-99 provides a right of action for individuals with discrimination claims against the state (§§ 46a-70 to 46a-78 or 46a-81h to 46a-81o) who are seeking injunctive relief.

---

[6] In *Prigge* v. *Dept. of Children & Families*, Superior Court, judicial district of Waterbury, Docket No. X06-CV-02-181467 (March 26, 2004) (*Alander, J.*) (36 Conn. L. Rptr. 829), the Superior Court concluded that § 46a-99 does not waive the state's immunity in respect to money damages. The court's decision in that case was particularly instructive to this court's analysis.

The indefinite language, "by injunction or otherwise," fails, however, to convey whether the legislature intended to waive the state's sovereign immunity from liability to pay money damages.

"[B]ecause the state has permitted itself to be sued in certain circumstances, this court has recognized the well established principle that statutes in derogation of sovereign immunity should be strictly construed. . . . Where there is any doubt about their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity. . . . Further, this court has stated that the state's sovereign right not to be sued without its consent is not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed . . . ." (Internal quotation marks omitted.) *Martinez* v. *Dept. of Public Safety*, supra, 263 Conn. 82. An examination of § 46a-99, in relation to other statutes that expressly waive the state's immunity to claims for money damages, reveals that the General Assembly is quite capable of waiving the state's immunity when it intends to do so. For example, a person injured by a state employee driving a state owned and insured vehicle "shall have a right of action against the state to recover damages for such injury." General Statutes § 52-556.

Particularly instructive is General Statutes § 46a-98a, which provides a cause of action in the Superior Court for claims of discriminatory housing practices or sexual discrimination in housing. Section 46a-98a is located within the same chapter and part of the General Statutes as § 46a-99 and includes nearly identical language: "The court shall have the power to grant relief, by injunction or otherwise, as it deems just and suitable. . . ." General Statutes § 46a-98a. Unlike § 46a-99, § 46a-98a includes the express statement that the court may provide relief commensurate with that provided in the procedures detailed under §§ 46a-86 and 46a-89. Both § 46a-86 and § 46a-89 permit a claim for an award of money

damages.[7] If the legislature had intended to permit recovery of money damages in § 46a-99, it clearly knew how to do so.

Accordingly, we hold that the court properly concluded that § 46a-99 does not constitute a waiver of the state's sovereign immunity with respect to claims for money damages.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] General Statutes § 46a-86 (d) provides: "In addition to any other action taken hereunder, upon a finding of a discriminatory practice prohibited by section 46a-66 or 46a-81f, the presiding officer shall issue and file with the commission and cause to be served on the respondent an order requiring the respondent to pay the complainant the damages resulting from the discriminatory practice."

General Statutes § 46a-89 (b) (2) provides in relevant part: "[A]n award of damages based on the remedies available under subsection (c) of section 46a-86 . . . an award of punitive damages payable to the complainant, not to exceed fifty thousand dollars . . . a civil penalty payable to the state against the respondent to vindicate the public interest . . . or two or more of such remedies."